```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LISHA BATISTE                                CIVIL ACTION

VERSUS                                       NO: 09-6710

TENTS N EVENTS, INC., ET AL.                 SECTION: "A" (4)
```

### ORDER REMANDING CASE

Before the Court is a **Motion to Remand (Rec. Doc. 7)** filed by Plaintiff, Lisha Batiste. Defendant Tents N Events, Inc. opposes the motion. The motion, set for hearing on December 9, 2009, is before the Court on the briefs without oral argument.

Plaintiff initiated this suit in state court for injuries allegedly sustained on September 11, 2008. Plaintiff claims that she was waiting in line at a disaster assistance center located in Vacherie, Louisiana, when a tent which was constructed over the area collapsed on her. (Pet. ¶ II). Plaintiff seeks damages for physical and emotional injuries, including potential permanent disability. (Pet. ¶ V). In a letter that appears to have been sent prior to filing suit, Plaintiff made a settlement demand of $111,108.28. (Rec. Doc. 1 Exh. 2). The petition names three defendants: Tents N Events, Inc., Incident Catering Services, LLC, and American States Insurance Co. (Rec. Doc. 1 Exh. 1).

Defendants Tents N Events, Inc., Incident Catering Services,

LLC, and American States Insurance Co. removed the suit to this Court alleging diversity jurisdiction. Plaintiff now moves to remand the case to state court arguing that the amount in controversy requirement is not met.

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. <u>In re North American Philips Corp.</u>, 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. <u>Id.</u> Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. <u>Acuna v. Brown & Root, Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000) (citing <u>Willy v. Coastal Corp.</u>, 855 F.2d 1160, 1164 (5th Cir.1988)).

28 U.S.C. § 1332(a)(1) provides for original jurisdiction where the amount in controversy exceeds $75,000.00 (exclusive of interest and costs) and the matter in controversy is between *citizens* of different states. A pleading invoking federal jurisdiction must distinctly and affirmatively allege the specific *citizenship* of the parties and allegations regarding *residency* are insufficient to establish subject matter jurisdiction. <u>Getty Oil Corp. v. Ins. Co. of N. Am.</u>, 841 F.2d 1254, 1259 (5th Cir. 1988); <u>Strain v. Harrelson Rubber Co.</u>, 742

F.2d 888, 889 (5th Cir. 1984).  Moreover, jurisdiction cannot be established by mere inference.  Getty Oil, 841 F.2d at 1259 (citing Ill. Cent. Gulf. R. Co. v. Pargas, Inc., 706 F.2d 633, 636 n.2 (5th Cir. 1983)),

 The "Joint Complaint for Removal" recites the following with regard to the citizenship of the parties:

> The Plaintiff, Lisha Batiste, is alleged to be a resident of the State of Louisiana.
>
> Defendant, Tents N Events, Inc. is a foreign corporation.
>
> Defendant, Incident Catering Services, LLC, is incorporated under the laws of the state of Washington, with its principal place of business in the state of Washington.
>
> Defendant, American States Insurance Co., is a foreign corporation.

Rec. Doc. 1.  These allegations do not establish the citizenship of any of the parties to this lawsuit, including Incident Catering Services, LLC, which is an LLC.  The citizenship of an LLC is determined by the citizenship of each of its constituent members.  Getty Oil, 841 F.2d at 1259-60; Picard v. Kirk Key Interlock Co., No. 07-763, 2008 WL 565465 at *1, n.6 (Feb. 27, 2008) (citing Temple Drilling Co. v. La. Ins. Guar. Ass'n, 946 F.2d 390, 393 (5th Cir. 1991)).  A corporation takes on the

citizenship of its state of incorporation and its principal place of business.  Getty Oil, 841 F.2d at 1259; Tyler v. Granite State Ins. Co., No. 09-65, 2009 WL 799696, at *1 n.1 (W.D. La. Mar. 25, 2009).  Thus, the notice of removal does not properly invoke this Court's diversity jurisdiction.

28 U.S.C. § 1653 provides that defective allegations of jurisdiction may be amended upon terms.  Thus, the Court has discretion to allow amendments to the notice of removal to cure defective allegations.  In the context of complaints, § 1653 is broadly construed so as to avoid dismissal of plaintiff's suit on purely technical or formal grounds.  Whitmire v. Victus Ltd. T/A Master Design Furniture, 212 F.3d 885, 887 (5th Cir. 2000) (citing Miller v. Stanmore, 636 F.2d 986 (5th Cir. 1981)).

The instant case finds itself in federal court in the context of a removal from state court.  The case has been pending in federal court since October 7, 2009, and even after Plaintiff filed a motion to remand that put jurisdiction directly at issue, no defendant moved to amend the notice of removal to cure the deficient allegations of jurisdiction.[1]  Moreover, three other

---

[1] The Court recognizes that Plaintiff's motion did not challenge the sufficiency of the citizenship allegations. However, federal subject matter jurisdiction cannot be established by consent or waiver.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999).  Thus, a federal court is duty-bound to examine the basis for its jurisdiction sua sponte if necessary.  Lane v. Halliburton, 529 F.3d 548, 565 (5th Cir. 2008) (quoting Union Planters Bank Nat'l Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004)).

4

cases arising out of the collapsed tent incident are also being remanded to state court because the Court has no basis to exercise jurisdiction over those cases. Thus, concerns of judicial economy and conflicting results cannot be resolved by inviting amendments that may or may not keep the instant case in federal court.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)** filed by the plaintiff, Lisha Batiste, is **GRANTED.** This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

December 18, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE